UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT VERDUZCO,<br><br>   Plaintiff,<br><br>   v.<br><br>FRENCH ART NETWORK LLC,<br><br>   Defendant. | Case No. 23-cv-00771-BLF<br><br>**ORDER GRANTING PARTIAL MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>[Re: ECF No. 16] |

Plaintiff Robert Verduzco ("Plaintiff") brings this suit against his former employer, Defendant French Art Network LLC ("Defendant"), and DOE defendants, alleging that Defendant subjected him to unlawful labor practices and, after Plaintiff complained about the practices, was wrongfully terminated in retaliation for exercising his legal rights. Pending before the Court is Defendant's Motion for Partial Dismissal (the "Motion"). Mot., ECF No. 16; *see also* Reply, ECF No. 21. Defendant argues that eight of Plaintiff's ten claims are not sufficiently pled under Rule 12(b)(6). Plaintiff opposes the Motion. Opp'n, ECF No. 17. The Court heard oral argument on July 13, 2023. For the reasons stated on the record at the hearing and explained below, the Court GRANTS the Motion with leave to amend.

**I.     BACKGROUND**

As alleged in the Complaint, Defendant employed Plaintiff as a non-exempt employee from October 2019 to October 2022, and during that time failed to compensate him for hours he worked and missed meal periods and rest breaks. Compl., ECF No. 1-1, ¶ 1. The terms of the employment were unwritten. *Id.* Some terms were the product of an oral agreement, and others were implied or incorporated from written materials and policies maintained by Defendant and from the conduct of the parties. *Id.*

On January 5, 2023, Plaintiff filed suit in California Superior Court, County of Monterey,

1  asserting eight claims under the California Labor Code, including a claim for retaliation; one claim
2  for wrongful termination in violation of public policy; and one claim under California's Unfair
3  Competition Law ("UCL").  *See id.* ¶¶ 24–106.  On February 21, 2023, Defendant timely removed
4  the suit to federal court.  *See* Notice of Removal, ECF No. 1, at 2.  Defendant now moves to
5  dismiss Plaintiff's seven non-retaliation Labor Code claims and the UCL claim.  *See* Mot. 2–3.

## II. LEGAL STANDARD

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (citation omitted).  When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff.  *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011).  However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted).  While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  On a motion to dismiss, the Court's review is limited to the face of the complaint and matters judicially noticeable.  *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).

## III. DISCUSSION

Defendant argues that the eight challenged claims must be dismissed because they are not supported by factual allegations in the Complaint.  Mot. 1.  Plaintiff generally alleges that all of the claims are adequately pled.[1]  Opp'n 7–16.

---

[1] As described below, *see infra* § III.C., counsel for Plaintiff stated at oral argument that Plaintiff no longer alleges a violation of California Labor Code §§ 1174–1175.

### A.     Claims 1–2:  Meal and Rest Breaks

Plaintiff's first two claims are for failure to provide meal and rest breaks in violation of California Labor Code §§ 226.7 and 1198, as well as IWC Wage Order No. 4-2001 (the "Wage Order," Cal. Code Regs. tit. 8, § 11040 (2001)).  Compl. ¶¶ 24–39.  As articulated by the Ninth Circuit in *Landers v. Quality Communications, Inc.*, wage-and-hour claims need not include "detailed factual allegations," but neither may they consist solely of "conclusory allegations that merely recite the statutory language."  771 F.3d 638, 644 (9th Cir. 2014).  Although the claims in *Landers* were brought under the federal Fair Labor Standards Act, courts regularly apply the same pleading standard to claims brought in federal court under the California Labor Code.  *See, e.g.*, *Haralson v. United Airlines, Inc.*, 224 F. Supp. 3d 928, 942 (N.D. Cal. 2016); *Ramirez v. HV Glob. Mgmt. Corp.*, No. 21-cv-09955, 2022 WL 2132916, at *4 (N.D. Cal. June 14, 2022); *Wright v. Frontier Mgmt. LLC*, No. 19-cv-01767, 2021 WL 2210739, at *2–3 (E.D. Cal. June 1, 2021).  To state a claim for failure to provide required meal or rest periods, a plaintiff must allege either a specific corporate policy prohibiting those breaks or a specific instance or instances in which he was denied a required break.  *See Ramirez*, 2022 WL 2132916, at *4 (citations omitted).

Here, the Complaint—which, as the Court acknowledged during oral argument, was filed in state court and thus not previously subject to federal pleading requirements—fails to allege any relevant corporate policy or specific instance in which Plaintiff was denied a meal or rest break.  Instead, Plaintiff's allegations merely restate the statutory language.  *See, e.g.*, Compl. ¶ 11 ("Defendants maintained and enforced a uniform policy of requiring Plaintiff to work shifts of five hours or more within a single workday without providing a thirty (30) minute uninterrupted duty-free meal period within five (5) hours of the beginning of Plaintiff s shift."); *id.* ¶ 12 ("Defendants maintained and enforced a uniform policy by which they repeatedly failed to authorize, permit and provide Plaintiff with paid duty-free rest periods of at least ten (10) consecutive uninterrupted minutes during which Plaintiff was relieved of all duties for every four (4) hours worked.").  These deficiencies are fatal to Plaintiff's claims.  *See Ramirez*, 2022 WL 2132916, at *4 (finding plaintiff's general allegations of working events without permission to take a break insufficient under *Landers*).  Plaintiff cites two cases finding sufficient similar meal and rest break allegations,

3

but both predate *Landers* and are therefore inapposite. *See* Opp'n 8–9 (citing *Acho v. Cort*, No. C-09–00157, 2009 WL 3562472 (N.D. Cal. Oct. 27, 2009); *Ambriz v. Coca Cola Co.*, No. 13–cv–03539, 2013 WL 5947010 (N.D. Cal. Nov. 5, 2013)).

Accordingly, these two claims are DISMISSED WITH LEAVE TO AMEND.

### B.   Claims 3–4: Unpaid, Minimum, and Overtime Wages

Plaintiff's third claim is for failure to pay hourly and overtime wages in violation of California Labor Code §§ 1194 and 1198 and the Wage Order, and his fourth claim is for failure to pay minimum wages in violation of California Labor Code §§ 1194, 1197, and 1199 and the Wage Order. Compl. ¶¶ 40–66. Under *Landers*, "[a]lthough plaintiffs . . . cannot be expected to allege 'with mathematical precision' the amount of overtime compensation owed by the employer, they should be able to allege facts demonstrating there was at least one workweek in which they worked in excess of forty hours and were not paid overtime wages," or in which they were "not paid minimum wages." 771 F.3d at 1146 (citation omitted). The Ninth Circuit also noted that the complaint in *Landers* lacked "sufficient detail about the length and frequency of [plaintiff's] unpaid work to support a reasonable inference that [he] worked more than forty hours in a given week." *Id.* (citation omitted).

Similar to Plaintiff's meal and rest break claims, the unpaid, minimum, and overtime wage claims find no factual support in the Complaint. The Complaint alleges that "Plaintiff was advised by Defendant[] that the company paid Plaintiff 'overtime' at the rate of $15.00 per hour for hours worked in excess of [40 hours] per week," Compl. ¶ 13, but it does not tie this fact to a "given workweek" in which Plaintiff worked in excess of forty hours without being paid overtime or minimum wages, or the "length and frequency" of his unpaid work. In fact, Plaintiff does not allege anything about his regular rate of pay, or even his role or roles while in Defendant's employ. *See generally id.* The only post-*Landers* case cited by Plaintiff in his argument that the unpaid overtime and minimum wage claims are adequately pled—*Tan v. GrubHub, Inc.*—is in accord. There, the court held the plaintiffs' minimum wage and overtime claims insufficiently pled where the plaintiffs included no "basic factual allegations," such as "what period of time or type of conduct Plaintiffs are counting as hours worked," that would permit the court to conclude

4

the claims were plausible.  171 F. Supp. 3d 998, 1008 (N.D. Cal. 2016); *see* Opp'n 9–11.

To be clear, Plaintiff need not "identify a calendar week or particular instance where he was denied wages," but he must "plead specific facts that raise a plausible inference that such an instance actually occurred." *Ramirez*, 2022 WL 2132916, at *3.  Because he has not done so in the Complaint, these two claims are DISMISSED WITH LEAVE TO AMEND.

### C. Claims 5–6: Wage Statements and Wages for Terminated Employees

Plaintiff's fifth claim is for failure to provide accurate wage statements in violation of California Labor Code §§ 226(a), 1174, and 1175, and the Wage Order, and his sixth claim is for failure to pay wages for terminated or resigned employees in violation of California Labor Code §§ 201, 202, 203, and the Wage Order.  Compl. ¶¶ 67–79.  As Defendant notes, Labor Code §§ 1174 and 1175 do not provide for a private right of action.  *See* Mot. 14–15; *Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 958 (N.D. Cal. 2016).  Counsel for Plaintiff stated at oral argument that Plaintiff is no longer pursuing claims under §§ 1174 and 1175, and the wage statement claim is therefore DISMISSED WITHOUT LEAVE TO AMEND to the extent it is brought under §§ 1174 and 1175.  The remaining claims are derivative of the meal and rest break and minimum and overtime wage claims, and—because the Court has found the predicate claims inadequately pled—are DISMISSED WITH LEAVE TO AMEND.  *See Ramirez*, 2022 WL 2132916, at *4 (dismissing derivative wage statement and terminated/resigned employee wage claims where predicate wage, meal period, and rest break claims were not adequately pled); *accord Alvarado v. Amazon.com, Servs. LLC*, No. 20-cv-07292, 2022 WL 899850, at *2 (N.D. Cal. Mar. 28, 2022).

### D. Claim 7: Reimbursement of Work-Related Expenses

Plaintiff's seventh claim is for failure to reimburse business expenses in violation of California Labor Code §§ 2802.  Compl. ¶¶ 80–83.  To state a claim for failure to reimburse business expenses, a plaintiff must allege a "specific instance in which he was not reimbursed for expenses that were within his job duties." *Ramirez*, 2022 WL 2132916, at *5 (citing *Alvarado*, 2022 WL 899850, at *2).  Further, the allegations must support an inference that the employer "either know[s] or ha[s] reason to know that the employee incurred an expense." *Stuart v.*

5

1  *RadioShack Corp.*, 641 F. Supp. 2d 901, 904 (N.D. Cal. 2009).

2  The Complaint states only that Defendant violated the Labor Code by "failing to reimburse Plaintiff for using his personal cell phone and vehicle for work-related purposes." Compl. ¶¶ 18, 82. As noted above, the Complaint does not allege any facts about the type of work Plaintiff performed, let alone the "work-related" uses for personal cell phone and vehicle. Nor does the Complaint allege facts suggesting that Defendant had reason to know of Plaintiff's expenses. As alleged, then, the Complaint does not permit a reasonable inference that Plaintiff was owed reimbursement for work-related expenses. *See, e.g.*, *Wright*, 2021 WL 2210739, at *4 ("Plaintiffs do not specify whether they incurred any actual expenses related to the use of their cell phones; whether they requested Defendants reimburse them for those expenses; or that Defendants refused to tender any requested reimbursements. Absent any supporting details, the Court cannot infer that Plaintiffs' claim for unreimbursed business expenses is plausible."). Accordingly, Plaintiff's claim for reimbursement is DISMISSED WITH LEAVE TO AMEND.

### E. Claim 10:  UCL

Plaintiff's final claim is for violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*. Compl. ¶¶ 99–106. The UCL claim is based on the "deprivation by Defendant[] of Plaintiff of wages due and lawful meal and rest periods, and Defendant['s] provision of inaccurate wage practices." *Id.* ¶ 100. Defendant argues that this claim must be dismissed for the independent reasons that (1) it is predicated on inadequately pled violations of the California Labor Code, and (2) as a claim seeking equitable relief, is foreclosed by the availability of an adequate remedy at law. Mot. 18–20. Plaintiff contends that the predicate claims are adequately pled, and that "it is well established that a UCL claim predicated upon unpaid wages is appropriate." Opp'n 15–16 (citing *Cortez v. Purolator Air Filtration Prods. Co.*, 23 Cal. 4th 163, 178–79 (2000)); *Pineda v. Bank of America, N.A.*, 50 Cal. 4th 1389 (2010)).

As an initial matter, a UCL claim based on alleged violations of the law fails if the predicate violations are not adequately pled. *See Ramirez*, 2022 WL 2132916, at *5 (dismissing UCL claim based on inadequate pleading of California Labor Code violations). Because the Court dismisses all of Plaintiff's Labor Code claims, the UCL claim must also be dismissed. The Court

will grant Plaintiff leave to amend, but it cautions Plaintiff that a district court may not entertain a request for equitable relief unless the plaintiff has no adequate remedy at law. *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020). Plaintiff's arguments to the contrary are based on California Supreme Court decisions, but "[a]t bottom, that a State may authorize its courts to give equitable relief unhampered by the restriction that an adequate remedy at law be unavailable cannot remove that fetter from the federal courts." *Sonner*, 971 F.3d at 843–44 (internal punctuation marks and citation omitted). "Since *Sonner*, courts have consistently dismissed purely derivative UCL claims in wage-and-hour actions in which damages and penalties are available for the same underlying Labor Code claims." *Mish v. TForce Freight, Inc.*, No. 21-cv-04094-EMC, 2021 WL 4592124, at *6 (N.D. Cal. Oct. 6, 2021) (collecting cases).

Accordingly, Plaintiff's UCL claim is DISMISSED WITH LEAVE TO AMEND.

## IV.  CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1. Claims 1–4, 6, 7, and 10 of the Complaint are DISMISSED WITH LEAVE TO AMEND; and

2. Claim 5 of the Complaint is DISMISSED WITHOUT LEAVE TO AMEND to the extent it is brought under a violation of California Labor Code §§ 1174–1175, and otherwise DISMISSED WITH LEAVE TO AMEND.

Plaintiff shall file an amended complaint within 30 days of the entry of this order. Further, as discussed at the hearing on the Motion, Defendant shall file a statement supplementing its Notice of Removal with respect to the amount-in-controversy allegations within 30 days of Plaintiff's filing of his amended complaint.

**IT IS SO ORDERED.**

Dated: July 18, 2023

_____
BETH LABSON FREEMAN
United States District Judge